UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

FRANCIS FERRELL,

                Plaintiff,        CIVIL NO.: _____

v.

                                                     **COMPLAINT**

STELLAR RECOVERY, INC.,

                                            **JURY TRIAL DEMANDED**
                Defendant.
_____

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Francis Ferrell (hereinafter "Plaintiff"), is a natural person residing in the County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Stellar Recovery, Inc. (hereinafter "Defendant"), is a collection agency operating from an address of 1327 Highway 2 W, Suite 100 Kalispell, MT 59901 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

6. Sometime prior to 2009, upon information and belief, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

8. On February 3, 2011, Defendant called Plaintiff's home telephone, leaving an automated or pre-recorded voice message. The message began by stating it was intended for "Jill Ferrell" and continued "if you are not Jill Ferrell, please hang up or disconnect. . . [b]y continuing to listen to this message, you acknowledge you are Jill Ferrell." The message included a statement that the caller was a debt collector attempting to collect a debt.

9. On February 9, Defendant called Plaintiff's home telephone, leaving an automated or pre-recorded voice message identical to the February 3, 2011 message.

10. On April 29, 2011, Defendant called Plaintiff's home telephone. During the ensuing conversation, Plaintiff requested a written statement or other

document establishing the existence and amount of the debt purportedly owed. Defendant responded "Ok, sir, I can send you a statement, but I mean if you're disputing it that means you know about it."

11. Later in this conversation, Plaintiff repeated the request for a statement. Defendant responded "sir, a statement has been sent. Right now you're just beating around the bush, trying to avoid taking care of your business matters."

12. Before hanging up on Plaintiff, Defendant requested to speak with Plaintiff's wife. When this request was refused by Plaintiff, Defendant stated "obviously we're not getting anywhere because you're not helping me out. You're taking me around the corner and up the block. . . when we need to be talking about [the debt purportedly owed]." Defendant continued, "Sir, let's be real about the situation. . . you're still asking about a piece of paper that's telling you the same thing I'm telling you right now…I'm gonna hang up and we can try this again later."

13. Upon information and belief, Defendant deceptively made its telephone number appear as a local number on Plaintiff's caller identification system.

14. In subsequent conversations, Defendant's debt collection agent(s) refused to accept the name and contact information of Plaintiff's attorney.

15. The conduct of Defendant is a violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(2), 1692e, 1692e(7), 1692f, 1692g, and 1692g(b) amongst others.

**Respondeat Superior Liability**

16. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff, further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

17. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

18. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

19. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

*Summary*

20. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

21. Plaintiff has suffered actual damages as a result of these illegal collection

communications by the Defendant in the form of fear of answering the phone, nervousness, irritability, and Plaintiff's performance at work has suffered.

22. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

26. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

27. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

28. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and

29. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

MARTINEAU, GONKO & VAVRECK, PLLC

Dated:  July 27, 2011

 s/ Mark L. Vavreck                                   .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220
mvavreck@mgvlawfirm.com